IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GREGORY HOLT, ADC # 129616**
*also known as Abdul Maalik Muhammad*                                                **PLAINTIFF**

v.                                    Case No. 4:22-cv-01132-KGB

**DEXTER PAYNE,** *et al.*                                                                      **DEFENDANTS**

### ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is the motion and memorandum in support of plaintiff Gregory Holt also known as Abdul Maalik Muhammad's[1] application for a temporary restraining order (Dkt. No. 149). Defendants filed a response to Mr. Holt's motion and memorandum in support of Mr. Holt's application for a temporary restraining order (Dkt. No. 152). Mr. Holt filed a reply memorandum in support of his motion and memorandum (Dkt. No. 153).

For the following reasons, the Court denies plaintiff's motion for temporary restraining order.

**I.    Background**

In his second amended complaint, Mr. Holt is pursuing five claims for violation of his constitutional rights of access to the courts, to have confidential communications with counsel, to engage in free speech, to associate freely with other prisoners, to have due process of law, to be free from retaliation, and to provide legal assistance to other inmates (Dkt. No. 68). In the second amended complaint, Mr. Holt expressed a concern that defendants might transfer him "to block his legal work for prisoners at the unit, or as an attempt to moot out aspects of this litigation"

---

[1] The Court understands from an earlier hearing in this matter that Mr. Holt prefers to be called Mr. Muhammad. However, because plaintiff is named as "Gregory Holt" on the docket and because the Court would like to maintain consistency in the record, the Court will continue to refer to plaintiff as Mr. Holt in the Court's Orders.

(Dkt. No. 68, ¶ 368). In their answer, defendants assert that they "lack sufficient knowledge regarding Plaintiff's concerns, and therefore, deny the allegations contained in paragraph 368 of Plaintiff's Second Amended Complaint." (Dkt. No. 143, ¶ 368).

Defendants' counsel stated by email exchanged among counsel on May 9, 2024, that Mr. Holt "will not be transferred to a different facility in retaliation for engaging in litigation." (Dkt. No. 150, at 4).

On May 8, 2025, United States Magistrate Judge Joe J. Volpe conducted a settlement conference during which the parties discussed the possibility of Mr. Holt's transfer to the Federal Bureau of Prisons ("BOP"). According to a docket entry entered at the end of the settlement conference, "additional work" was still necessary "to reach a settlement," and Judge Volpe stayed discovery (Dkt. No. 148).

As disclosed to the Court through filings made on June 6, 2025, sometime after the settlement conference, Director Dexter Payne initiated a request to transfer Mr. Holt to the BOP (Dkt. No. 152-2, ¶ 6). On June 3, 2025, Mr. Payne's office received notice that the request to transfer Mr. Holt by Inter-Governmental Agreement had been approved by the BOP (*Id*., ¶ 7). According to Director Payne, Mr. Holt was told to box up his legal documents to be sent to his counsel in preparation for the transfer, and, like all inmates being transferred, Mr. Holt was moved to administrative segregation and denied telephone access until the transfer for the safety and security of the officers who would be transporting him to the BOP (*Id*., ¶ 8).

On June 3, 2025, defendants' counsel gave notice to Mr. Holt's counsel that there were plans to transfer Mr. Holt to a federal facility as soon as formal approval is obtained (Dkt. No. 15, ¶ 5). Counsel for Mr. Holt requested that defendants pause their efforts to transfer Mr. Holt pending further discussion between the parties, but defendants' counsel stated the Arkansas

2

Department of Corrections ("ADC") was not willing to pause or stop the transfer and confirmed the ADC's receipt of formal acceptance of the transfer from the BOP (*Id.*, ¶ 7).  On June 5, 2025, Deputy Warden Culclager instructed Mr. Holt as of 5:00 p.m. to begin packing up, that Mr. Holt would no longer have his phone/tablet to communicate with counsel, and that Mr. Holt would be moved to administrative segregation pending the arrival of the Federal Marshals (*Id.*, ¶ 9).

In his motion and memorandum in support, Mr. Holt seeks for the Court: (1) to enter a temporary restraining order pausing the transfer immediately, in advance of a hearing, (2) to conduct a hearing, (3) to extend the temporary restraining order after the hearing to the 14-day maximum permitted under the Federal Rules of Civil Procedure, (4) to set a briefing schedule for preliminary injunction proceedings, and (5) to convert any temporary restraining order enjoining a transfer into a preliminary injunction (Dkt. No. 149, at 2).  The defendants ask the Court to deny Mr. Holt's motion (Dkt. No. 152, at 7).

**II.    Analysis**

When determining whether to grant a motion for a temporary restraining order, this Court considers: (1) the likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between the harm to the movant and the injury that granting an injunction would cause other interested parties; and (4) the public interest. *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Dataphase Sys. Inc. v. CL Sys.*, 640 F.2d 109, 114 (8th Cir. 1981)). Preliminary injunctive relief is an extraordinary remedy, and the party seeking such relief bears the burden of establishing the four *Dataphase* factors. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).  The focus is on "whether the balance of the equities so favors the movant that justice requires the court to intervene to preserve the *status quo* until the merits are determined." *Id.*

Mr. Holt's brief does not discuss his likelihood of success on the merits in terms of the claims in the operative complaint. Rather Mr. Holt contends that he is likely to succeed on his assertion that he is being transferred in retaliation for exercising a constitutional right (Dkt. No. 149, at 4). Defendants respond that they are likely to succeed on the merits because the second amended complaint does not assert a claim of retaliatory transfer, the transfer was initiated by Mr. Holt, and Mr. Holt has not exhausted his administrative remedies as to a claim of retaliatory transfer (Dkt. No. 152). Mr. Holt asserts in his reply brief that it is not possible for him to complete the grievance procedure under the circumstances.

Mr. Holt is proceeding in this lawsuit on claims of violation of his rights to access the courts, to have confidential communications with counsel, to engage in free speech, to associate freely with other prisoners, to have due process of law, to be free from retaliation, and to provide legal assistance to other inmates. Because the Court understands Mr. Holt's motion for a temporary restraining order to seek relief only as to a retaliatory transfer claim and because, at present based on the Court's understanding of Mr. Holt's operative complaint, such a claim does not exist in this lawsuit, Mr. Holt has not established a likelihood of success on the merits of any claim currently set forth in the operative complaint. Even if Mr. Holt contends that such a claim is advanced by his operative complaint, at this stage in the litigation and on the limited record before it, the Court determines that Mr. Holt has not established a likelihood of success on the merits.

Having concluded that Mr. Holt has not established a likelihood of success of the merits on the limited record before it at this stage, the Court declines to address the remaining *Dataphase* factors. *Planned Parenthood Minnesota, N. Dakota, S. Dakota v. Rounds*, 530 F.3d 724, 737 (8th Cir. 2008) (finding that because the moving party had not produced sufficient evidence to establish

4

that it was likely to prevail on the merits of its claim, it was unnecessary to address remaining *Dataphase* factors).

### III.   Conclusion

The Court determines that Mr. Holt has not met his burden at this stage of the litigation and on the limited record before the Court to obtain a temporary restraining order against defendants and denies Mr. Holt's motion and memorandum in support of his application for a temporary restraining order (Dkt. No. 149).

Mr. Holt's motion for preliminary injunction remains before the Court (Dkt. No. 149, at 2).  The Court will set a briefing schedule for preliminary injunction proceedings by separate Order

It is so ordered this Friday, June 6, 2025, at 7:00 p.m. CST.

Kristine G. Baker
Chief United States District Judge